## FOOTE v. HAYES.

### No. 15,800; February 27, 1895.

#### 39 Pac. 601.

**Notes—Want of Consideration.**—In an Action by a Transferee of a note, where defendant sets up want of consideration, but does not produce any evidence that plaintiff's transferrer was a party to the fraud, or took the note with notice, or after maturity, a verdict for defendant should be set aside.

**Appeal—When Frivolous.**—In view of the plain provisions of the Code of Civil Procedure, section 662, and numerous decisions of the supreme court, an appeal taken on the ground that trial courts have no authority to set aside verdicts is frivolous.

APPEAL from Superior Court, Alameda County; W. E. Green, Judge.

Action by W. D. Foote against D. D. Hayes on a promissory note. There was a verdict for defendant, and he appeals from an order setting it aside. Affirmed.

John J. Stephens (Ben Morgan of counsel) for appellant; A. A. Moore for respondent.

HENSHAW, J.—This action is on a promissory note, and was tried with a jury. Plaintiff, by his evidence, by the admissions of the answer, and by the presumptions of law which follow the possession of a promissory note bearing a general indorsement, established a satisfactory prima facie case. A motion that the court instruct the jury to render a verdict for defendant was made, and properly denied. The ruling was not excepted to. Defendant was then called to the witness-stand, and, after the court, for the benefit of his attorney, had made an elaborate and seemingly needful exposition of the elementary principles of law affecting negotiable instruments, this discussion followed: "Mr. Stephens: I propose to prove that the note was given to the Crocker-Woolworth Bank, and that they were a party to the fraud. The Court: In what respect was it a party? What did they do? Mr. Stephens: They took this note of Mr. Hayes from J. W.

Girvin & Co. The Court: Took it when? Mr. Stephens: After the note was made. The Court: When? Mr. Stephens: I cannot tell you until I get the books of the bank. The Court: Before it was due, or after it was due? Mr. Stephens: After it was due.'' Counsel for the defendant further said that he would show that a fraud had been committed by Girvin & Co. upon Mr. Hayes, in that no consideration had been given. ''The Court: If you will undertake to do that, go on.'' The defendant, under this engagement of his attorney, was allowed to testify, and did testify, to facts tending to show that, as between himself and the payee, the note was obtained by fraud. Defendant then rested his case. It was not shown, nor attempted to be shown, that the bank was a party to the fraud, or that it took the note with notice, or after maturity. No word of testimony to such import is in the record. The jury, after proper instructions, rendered a verdict for defendant. This verdict the court, of its own motion, set aside, upon the ground of prejudice. That action constituted the alleged error sought to be corrected upon this appeal.

The evidence of fraud was only admissible under the unkept engagement of counsel to connect the bank with it. It constituted no defense to the case as presented, and obviously served to awaken prejudice in the minds of the jury. Either there was the gravest misapprehension upon the part of the jury of the instructions, or it was influenced by prejudice. In either case it was the duty of the court to set the verdict aside: Code Civ. Proc., sec. 662. But the especial point made by appellant in a brief containing no single citation to code or case, and likewise urged in oral argument before this court, though respondent's brief, containing the code section above mentioned, was with him, is found in his declaration that ''there is no provision in the statute granting to a court in a civil case the right or power to set aside a verdict.'' ''Can a judge,'' it is asked, ''set aside such a verdict, upon the ground of prejudice of the jury, in favor of a successful party?'' And for reply we are told that, ''Echo answers in stentorian tones, 'No' ''; and this, notwithstanding the plain provision of the code and the numerous decisions of this court declaring the duty of the trial judge under such circumstances. So much has been said to show

the utter frivolity of the appeal. It works a waste of the time of this court, and subjects respondent to vexatious delay and expense. The order appealed from is affirmed, and it is further adjudged that respondent have and recover from appellant damages in the sum of $200 as part of his costs.

We concur: Temple, J.; McFarland, J.